IN THE UNITED STATES DISTRICT COURT
FOR THE S01085OUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rosa Rodriguez-Monguio, | : | |
| Plaintiff | : | Civil Action 2:08-cv-00139 |
| v. | : | |
| The Ohio State University, | : | Magistrate Judge Abel |
| Defendant | : | |

**Order**

This matter is before the Court on defendant the Ohio State University's ("OSU") February 27, 2009 motion for an Order declaring that a document is privileged and compelling its return, for a protective order, and for the award of reasonable expenses (doc. 21) and plaintiff Rosa Rodriguez-Monguio's March 16, 2009 motion for Rule 37 sanctions (doc. 27).

<u>Motion for an Order declaring that a document is privileged and compelling its return, for a protective order, and for the award of reasonable expenses.</u>  Defendant seeks the return of an August 19, 2008 email from Dr. Allard E. Dembe, Chair, Division of Health Services and Health Management and Policy to Jack W. Decker, an Assistant Ohio Attorney General who was then OSU's trial attorney in this case. The email states that Dembe had reviewed plaintiff Rodriguez-Monguio's requests for admissions, sets out Dembe's proposed responses to some of those requests, and ask for Decker's legal

1

advice. OSU maintains that it has produced thousands of pages of discovery and that it has carefully conducted a privilege review of the documents. Despite its efforts to prevent the disclosure of privileged documents, defense counsel inadvertently produced the attorney-client communication by Dembe to Decker.

When plaintiff's counsel read the August 19, 2008 email he certainly recognized it as an attorney-client communication. He maintains that he put defense counsel on notice of the production by referring to it in one of two January 22, 2009 letters from him to Mr. Decker. While the email was referenced and described with sufficient particularity to alert the reader to the fact that it was an attorney-client communication, it was but one of fourteen numbered examples of "spoliation"/failure to produce emails in a single-spaced, five page letter. Given that the email was undoubtedly a communication from a client to OSU's trial attorney in this case and likely inadvertently produced, plaintiff's counsel should have contacted defendant's counsel directly or sent a separate letter or email to him asking whether it was inadvertently produced.

As it happened, Mr. Decker states that he reviewed the January 22, 2009 letter pertaining to another case first and determined that he needed more information from plaintiff's counsel to respond to the arguments concerning spoliation issues. The second letter, which referred to Dembe's email to his attorney, contained similar issues, but Mr. Decker did not review that letter in detail. Although plaintiff's counsel responded to Mr. Decker's letter on January 29, 2009, Mr. Decker did not review that response until February 11, 2009. On February 11, 2009, defense counsel reviewed Mr.

Rosenberg's letter in greater detail, realized that a privileged document had been inadvertently produced, and asked that the Dembe email be immediately returned.

In response, Mr. Rosenberg refused to return the document. He indicated that he did not intend to use the document at trial, but he reserved the right to ask Mr. Dembe about his statement in the email.

Defendant OSU argues that it is entitled to have its privileged document returned pursuant to Rule 26(b)(5)(B). OSU argues that under the Court's five factor test for inadvertent disclosure and pursuant to Rule 502 of the Federal Rules of Evidence, it did not waive its privilege. It maintains that it took reasonable precautions to ensure that a privileged document was not produced as evidenced by its withholding and redacting of various documents. OSU only produced one privileged document, and it has taken all possible measures to mitigate the damage by its disclosure.

OSU further argues that it did not waive its privilege under the October 7, 2008 Agreed Protective Order in this case, which contains a "clawback" provision. The Agreed Protective Order gives the producing party ten days following the actual discovery of the inadvertent production to amend its discovery response and to notify the other party that it should have been withheld.

OSU maintains that it is entitled to a protective order forbidding inquiry into the issues raised in the document and any further use of the document in this litigation pursuant to Rule 26(c)(1)(D). OSU also seeks its reasonable expenses and attorney fees associated with its motion pursuant to Rule 26(c)(3).

3

In response, plaintiff argues that defendant's motion should be denied because OSU failed to request the return of the Dembe email within the ten day clawback provision of the Agreed Protective Order. Plaintiff maintains that her January 22, 2009 letter was acknowledged in Mr. Decker's January 23, 2009 letter. Plaintiff argues that by acknowledging receipt and review of Rosenberg's letters, Mr. Decker's attempt to excuse his alleged failure to carefully read those letters does not constitute excusable neglect. Ms. Leslie, co-counsel for defendant, offers no reasonable grounds for failing to read the letters, which she also received.

Plaintiff also argues that OSU did not promptly take reasonable steps to rectify its error because it did not act within the ten day clawback provision. Plaintiff contends that OSU did not take reasonable steps to prevent disclosure because it failed to bate stamp all the documents produced in discovery.

Plaintiff argues that the Dembe email contains statements that drastically contradict Dembe's prior statements to investigators. Plaintiff maintains that the email indicates that Dembe caused defense counsel to improperly deny numerous requests for admissions.

This dispute may be resolved by examining the language of the October 7, 2008 Agreed Protective Order, which provides in pertinent part:

> A party who produces any document not subject to discovery under federal law without intending to waive the claim of protection associated with such document may, **within ten (10) days after the producing party actually discovers that such inadvertent production occurred**, amend its discovery response and notify the other party that such document was

4

> inadvertently produced and should have been withheld as protected. Such protected documents include, but are not limited to, privileged communications, attorney work-product material, documents protected by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, and documents relating to academic misconduct that are confidential under 42 C.F.R. § 93.108(a).

Doc. 12 at p. 2. The Dembe email is clearly a privileged document because it contains an attorney-client communication that was produced without any intent to waive the claim of privilege. The Order states that the producing party has ten days to amend the response after actually discovering the inadvertent production. Mr. Decker asserts that he actually discovered that the email was inadvertently produced on February 11, 2009, at which time he immediately contacted Mr. Rosenberg to rectify the matter. Under the Agreed Protective Order, Mr. Decker acted promptly and within the ten days provided under the agreement.

Plaintiff's argument that the email is necessary to show that Dr. Dembe's responses to the interrogatories contradict the notes of the investigator is without merit. The responses to the interrogatories, if they do in fact contradict the investigator's notes as plaintiff alleges, would show that without need for referencing the email. If plaintiff believes that the investigator was given information that Dr. Dembe's interrogatories contradict, plaintiff can explore these discrepancies by deposing Dr. Dembe. The Dembe email is also not necessary for plaintiff to resolve issues related to the Dembe-Florentine email correspondence.

Defendant the Ohio State University's February 27, 2009 motion for an Order declaring that a document is privileged and compelling its return, for a protective order, and for the award of reasonable expenses (doc. 21) is GRANTED in part. The Court finds that the Dembe email is privileged and plaintiff is ORDERED to return the document to counsel for defendant. Plaintiff may not make any further use of the email. The Court further finds, however, that plaintiff's opposition to the motion was arguable and that an award of reasonable expenses, including attorney fees, is not warranted.

Motion for Rule 37 Sanctions. Plaintiff argues that she has been attempting to obtain critical documents since her July 2008 discovery request. Since that time, the Court made two rulings: (1) the Court ordered defendant to ask its IT department to determine whether there is an explanation for why a sampling of emails were not produced and provide plaintiffs' counsel with the results of that analysis on or before March 4, 2009 (*see* doc. 34 at p. 2 in case no. 2:07-cv-00075); and (2) the Court ordered defendant to respond to plaintiff Rosa Rodriguez-Monguio's clean up document requests on or before March 13, 2009 *(see id.* at p. 3).

The Court finds that OSU has complied with the order to seek an explanation from its IT department with respect to why certain emails were not produced. The IT department asserts that some emails were not produced because they were sent via "squirrel mail," a web-based application used to send email to College of Pharmacy users from remote locations. Data from this system is stored using tapes, which are maintained for only about three months before recycling.

Plaintiff argues that OSU has not complied with this Order because it failed to explain why Drs. Lemeshow, Dembe and Wesers did not produce certain emails. According to OSU, these emails were located and captured as a result of the server searches conducted by OSU as part of discovery. Plaintiff complains that the emails were not also produced in response to document requests for which manual searches were conducted. The Court's March 16, 2009 Order requiring OSU to ask its IT department for an explanation of why certain emails were not produced simply does not encompass this scenario, and defendant is not in violation of the Order with respect to this issue. On March 4, 2009, OSU informed plaintiff that it is looking for "some miscellaneous documents or parts of documents," but counsel for defendant correctly concluded that these documents did not have any relationship to plaintiff's claims of electronic spoliation. Doc. 31-2, at 7.

Plaintiff further argues that OSU violated the Court's Order with respect to eight subsets of potential spoliation documentation identified in three letters sent to OSU in January and March 2009:

i. December 22, 2006 email from Ann Florentine to Drs. Wewers and Dembe; Subject: Talking points on Rosa. Plaintiff seeks the attachments and all emails that precede or respond to this email. OSU asserts that the attachment is protected by the attorney-client privilege because Dr. Dembe sought the advice of Nancy Miller, legal counsel for the College of Public Health.

7

ii. December 22, 2006 email from Dr. Dembe to Dean Lemeshow; Subject: My document. Plaintiff seeks the attachments and all emails that precede or respond to this email. OSU asserts that the attachment is protected by the attorney-client privilege. OSU has been unable to locate any preceding and responding emails to the above referenced emails.

iii. December 22, 2006 email from Anne Florentine to Dr. Dembe; Subject: Revised document for Rosa. Plaintiff seeks the attachments and all emails that precede or respond to this email. OSU asserts that the attachment is protected by the attorney-client privilege. OSU has been unable to locate any preceding and responding emails to the above referenced emails.

iv. December 22, 2006 email from Ann Florentine to Dr. Dembe; Subject Re: Suggested draft for email. Plaintiff seeks the attachments and all emails that precede or respond to this email. OSU asserts that the attachment is protected by the attorney-client privilege. OSU has produced all preceding and responding emails to the above referenced emails.

v. December 22, 2006 email from Dr. Dembe to Dean Lemeshow and Ann Florentine with cc to Dr. Wewers; Subject: Revised draft for email. Plaintiff seeks an unredacted copy of the email. OSU maintains that the emails and attachments are privileged.

vi. January 30, 2007 email from Ann Florentine to Dean Lemeshow: subject Re: FW: Indian Health Board Proposal. OSU contends that it is continuing

> to look for any preceding or responding emails beyond those that have already been produced and will advise plaintiff of its findings.
>
> vii. January 18, 2007 email from Dr. Dembe to Drs. Arkes, Balkrishnan, Casewell, McAlearney, Schweikhart, Song, and Tanenbaum, and Ms. Holloway; Subject: HSMP Faculty meeting today at 9:00 in Cunz 457. OSU maintains that it is continuing to look for the attachment and any preceding or responding emails beyond what has been produced.
>
> viii. September 15, 2006 email from Dr. Dembe to Dr Wewers, with cc to Dean Lemeshow, Drs. Pirie and Friedman. The email states: "If we decide to respond to this RFP then I think you should probably act as the PI, with Rosa/Enrique maybe as co-investigators. I don't want to start setting a pattern where Rosa and Enrique just assume that they generally take the lead on behalf of Ohio State in responding to state agency RFPs." Plaintiff seeks the attachments and all emails that precede or respond to this email. OSU is continuing to look into this matter and will advise plaintiff if additional emails or attachments are located.

Plaintiff argues that these eight subsets fall within the Court's rulings with respect to spoliation issues and the clean up document requests.

Plaintiff also argues that OSU has withheld documents under the attorney-client privilege without complying with the requisites of Rule 26(b)(5)(A) because the privilege log does not identify the person who sent or received the alleged privileged

9

documents. The privilege log only indicates that the documents are related to *Rosa Rodriquez-Monguio v. OSU*. Plaintiff believes that OSU is improperly relying on the attorney-client privilege to withhold documents. In response, OSU indicates that it will provide an updated privilege log.

Plaintiff further argues that OSU has failed to produce the faculty evaluations of Elizabeth Dianne Cox. In response, OSU maintains that it has produced some of the requested documents in response to plaintiff's request for production and will supplement its response if additional documents are discovered.

Plaintiff seeks emails and other written communications between her and OSU's research department. OSU maintains that it has not waived any privileges because it agreed to provide plaintiff with a privilege log after addressing the other issues raised by the Court. In response, OSU indicates that it produced all of the emails and Word documents from plaintiff's hard drive and server on March 31, 2009. OSU alerted plaintiff that these responses would be produced shortly, but plaintiff still filed her motion for sanctions.

Plaintiff Rosa Rodriguez-Monguio's March 16, 2009 motion for Rule 37 sanctions (doc. 27) is DENIED. I accept OSU's representations that it is diligently working to fully respond to plaintiff's discovery requests. Defendant has informed plaintiff of those circumstances where it continues to look for further responsive documents. Counsel for defendant offered to meet with plaintiff's counsel to work out any differences with respect to the discovery requests, but rather than attempt to resolve the remaining

disputes extrajudicially, plaintiff filed a motion for sanctions. While I recognize plaintiff's frustration with the pace of OSU's responses to and supplementation of those responses to her discovery requests, given the volume of documents sought her counsel should have made further informal efforts to resolve the disputes about the speed and adequacy of OSU's production. I also note that plaintiff's motion for sanctions seeks some documents not encompassed by the Court's March 4, 2009 Order.

<u>Conclusion</u>. For the reasons stated above, defendant the Ohio State University's ("OSU") February 27, 2009 motion for an Order declaring that a document is privileged and compelling its return, for a protective order, and for the award of reasonable expenses (doc. 21) is GRANTED in part and plaintiff Rosa Rodriguez-Monguio's March 16, 2009 motion for Rule 37 sanctions (doc. 27) is DENIED.

s/ Mark R. Abel<br>
United States Magistrate Judge
